* * * * * * * * * * *
The Full Commission reviewed the prior Order based upon the record before Deputy Commissioner Schafer and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Order, except for minor modifications. Accordingly, the Full Commission affirms the Order of Deputy Commissioner Schafer with modifications.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. This case arises from an injury to the plaintiff's back that occurred on March 12, 1994. The Full Commission held that the plaintiff's injury was compensable in an Opinion and Award filed on October 29, 1995. The plaintiff has received ongoing medical treatment for his March 12, 1994 injury.
2. A voluntary mediation for this case was scheduled for July 12, 2002. The mediation was canceled by the defendants on July 9, 2002, a day after counsel for defendants sent the plaintiff's counsel a letter stating: "[I]t does not appear that this case is amendable to settlement at this time." The defendants contend that the mediation was canceled because the plaintiff developed health complications that necessitated the postponement of the mediation; however, a review of the record shows that it was the defendants' decision to cancel the July 12, 2002 mediation. The mediator, Scott Taylor, charged an administrative cancellation fee of $175.00 to each party, or $350.00 total. The defendants paid the full amount pursuant to the Rules for Mediated Settlement Conferences.
3. Thereafter, the parties agreed to voluntarily mediate the case again on December 19, 2003. The mediation resulted in an impasse. The mediator, Lee Martin, filed a Report of Mediation indicating there was a mediation fee of $675.00. Defendants paid the charges pursuant to the Rules for Mediated Settlement Conference.
4. The parties attended a second voluntary mediation on December 15, 2004. Mr. Martin again mediated the case and filed a Report of Mediation assessing his fee of $700.00. Defendants paid the fee pursuant to the Rules for Mediated Settlement Conference.
5. An additional $75.00 was assessed by Mr. Martin as a late fee; however, the defendants have taken responsibility for the late fee. Thus, the total amount of mediation fees (not including the late fee) paid in this matter by the defendants totals $1,725.00. *Page 3 
6. Based upon a review of the record, the Full Commission finds that the July 12, 2002 mediation was canceled unilaterally by the defendants and, thus, the defendants should be solely responsible for the $350.00 cancellation fee imposed by mediator Scott Taylor.
7. The Full Commission, in its discretion, finds that the parties shall be equally responsible for one-half of the remaining $1,375.00 in mediation fees. Thus, the defendants are entitled to reimbursement from the plaintiff in the amount of $687.50. The defendants shall deduct $10.00 a week from the plaintiff's ongoing temporary total disability compensation until such time that the $687.50 reimbursement has been paid in full.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The total amount of mediation fees (not including the $75.00 late fee) paid in this matter by the defendants totals $1,725.00.
2. Based upon a review of the record, the Full Commission concludes that the July 12, 2002 mediation was canceled unilaterally by the defendants and, thus, the defendants should be solely responsible for the $350.00 cancellation fee imposed by mediator Scott Taylor. Rule 7(c), Rules for Mediated Settlement Conferences.
3. The Full Commission, in its discretion, concludes that the parties shall be equally responsible for one-half of the remaining $1,375.00 in mediation fees. Thus, the defendants are entitled to reimbursement from the plaintiff in the amount of $687.50. The defendants shall deduct $10.00 a week from the plaintiff's ongoing temporary total disability compensation until *Page 4 
such time that the $687.50 reimbursement has been paid in full. Rule 7(c), Rules for Mediated Settlement Conferences.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The defendants are entitled to reimbursement from the plaintiff in the amount of $687.50 for the mediation fees in this matter.
2. The defendants shall deduct $10.00 a week from the plaintiff's ongoing temporary total disability compensation until such time that the $687.50 reimbursement has been paid in full.
This 28th day of January 2008.
S/______________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ DANNY LEE McDONALD COMMISSIONER *Page 5 
CONCURRING IN PART AND DISSENTING IN PART:
 S/______________________ DIANNE C. SELLERS COMMISSIONER *Page 6